■ JULIO GONZALEZ, as Administrator of the Estate of AMALIO GONZALEZ, Deceased, Appellant, v. MILDRED P. VAN NOSTRAND, as Administratrix of the Estate of WILLIAM VAN NOSTRAND, Deceased, Respondent.— In an action by an administrator to recover damages for the wrongful death of his intestate, the appeal is from a judgment dismissing the complaint at the close of the plaintiff's case. The complaint alleges that the intestate died as a result of injuries received when he was struck and run over by a motor vehicle owned and operated by respondent's intestate. Judgment unanimously affirmed, without costs. In our opinion, there was no proof of any culpable negligence on the part of respondent's intestate. The testimony was that appellant's intestate, a nine-year-old boy, was killed while allegedly running behind a truck operated by respondent's intestate on an icy street. Other boys were allegedly "hitching" on the back of this truck and meddling with the rear door which swung open and struck appellant's intestate. There was no proof that the door was defective or the respondent's intestate knew that appellant's intestate was in a position of danger. Appellant's proof was that the boy was first seen behind the truck as the door opened. The alleged "calling" by an unidentified, but ostensible, truck helper to the "hitchers" on the back of the truck to dismount, while the truck was in motion, under the proof offered by the appellant, could hardly be said to have any reference to appellant's intestate who was not "hitching". In any event, if such "calling" be said to have any reference to appellant's intestate, the command by an unidentified, but ostensible, employee to a trespassing infant to dismount from a moving vehicle does not per se constitute an act of culpable negligence on the master's part (*Van Houten* v. *New York, New Haven & Hartford*

*R. R. Co.,* 286 App. Div. 875, affd. 2 N Y 2d 739). The mere " calling " to an infant trespasser to " Get off " or " Get out ", when unaccompanied by violence or overt act showing an intention to use force, does not constitute affirmative or willful negligence, particularly where, as in the instant case, the infant did not see the employee but merely heard him. (*Ralff* v. *Long Is. R. R. Co.,* 266 App. Div. 794, affd. 292 N. Y. 656.) Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.